UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:15CV32 JMB |
| STATE OF MISSOURI, et al., | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis on appeal [Doc. #13-1], as well as his motion for reconsideration of the dismissal of his case on the basis of "three strikes."[1]

Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983 on May 7, 2015. Although plaintiff's complaint was difficult to decipher, plaintiff's complaint contained a myriad of claims against many different defendants, including: false arrest, false imprisonment, slander, unlawful conviction, malicious prosecution, deliberate indifference to his medical needs (relating to fainting), various due process violations, failure to protect and numerous claims challenging his conviction which were not cognizable in a § 1983 action. Because it appeared that plaintiff had filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim,[2] the Court dismissed the action pursuant to 28 U.S.C. § 1915(g).

In his motion for reconsideration, plaintiff claims, in a verified pleading, that one of the "strikes" cited by the Court was not the "Jonathan Smith" who is the plaintiff in this action.

---

[1] Plaintiff filed his motion for reconsideration within his motion for leave to proceed in forma pauperis on appeal. *See* Docket No. 13-2.
[2] *Smith v. Bauersaches*, 3:05CV916 JPG (S.D. IL 2006); *Smith-El v. Bowersox*, 03-3457-CV-S-RED-P (W.D. Mo.2004); *Smith v. Lhotka*, 4:97CV1940 SNLJ (E.D. Mo.1997).

Moreover, plaintiff asserts that he "is under imminent danger of serious physical injury," which is a noted exception to a § 1915(g) dismissal. Namely, he explains that part of the "syncope" disorder he suffers from was a result of blood clots which were left untreated by the doctors at Moberly Corrections Center, and this was the basis of his deliberate indifference claim under the Eighth Amendment. Given the aforementioned, it appears that plaintiff's requested relief from judgment would be appropriate under Federal Rule of Civil Procedure 60(b)(6).

However, because plaintiff has filed a Notice of Appeal [Doc. #12], the Court lacks authority to grant plaintiff's motion for reconsideration. *See* Fed. R. Civ. P. 62.1. The Federal Rules of Civil Procedure provide that the Court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* The Court finds that, at the very least, plaintiff's motion raises a substantial issue to the very ground upon which the Court based its decision to dismiss this action.

Therefore, the Court will enter an Order stating that plaintiff's motion for reconsideration raises a substantial issue. Rule 62.1 requires plaintiff to "promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" that the Court entered this Order. The Eighth Circuit may, in its discretion, remand for this Court to address the substantial issue raised by plaintiff's motion for reconsideration. *See* Fed. R. Civ. P. 62.1 advisory notes (2009).

Accordingly,

**IT IS HEREBY ORDERED** that the Court finds that plaintiff's motion for reconsideration [Doc. #13-2] raises a substantial issue.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis on appeal [Doc. #13-1] is **GRANTED**.

Dated this 22nd day of June, 2015.

                                        HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE