UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| JONATHAN SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:15CV32 JMB |
| STATE OF MISSOURI, et al., | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon reversal from the Eighth Circuit Court of Appeals. Before the Court is plaintiff's motion for reconsideration of the dismissal of this action, as well as plaintiff's notice of appeal. *See* Docket Nos.12 and 13.

"The filing of a notice of appeal. . .confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal.'" *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). A district court retains jurisdiction to **deny** a Rule 60(b) motion, because a denial is in furtherance of the appeal. However, a district court lacks the ability to **grant** a Rule 60(b) motion. *Id.* at 1180; *Hunter v. Underwood,* 362 F.3d 468, 475 (8th Cir.2004).

When presented with a Rule 60(b) motion after a notice of appeal has been filed, the Eighth Circuit has explicitly instructed that a district court should consider the motion and assess its merits. *Hunter*, 362 F.3d at 475. It may then **deny** the motion or indicate its belief that the

arguments raised are meritorious.[1] If the district court selects the latter course, the plaintiff may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.[2] *Id.* citing *Winter v. Cerro Gordo County Conserv. Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991) (noting also that if, on the other hand, the district court decides to grant the motion, the parties should request the court of appeals to remand the case so a proper order can be entered).

As noted in the Court's prior Memorandum and Order, entered on June 22, 2015, the Court dismissed this prisoner action pre-service, pursuant to 28 U.S.C. § 1915(g), finding that plaintiff had filed at least three prior cases that were dismissed as frivolous, malicious, or that had failed to state a claim upon which relief could be granted. In his motion for reconsideration, plaintiff submits, in a verified pleading, that one of the "strikes" cited by the Court, was not the "Jonathan Smith" who is the plaintiff in this action. As plaintiff has submitted a verified

---

[1] The Eighth Circuit has been very clear on this issue, stating explicitly in *In re Kiefffer-Mickes, Inc. v. Riske*, 226 B.R. 204 (U.S. BAP 8th Cir. 1998).

> "While Courts have differed on the question, *see* 11 *Charles Alan Wright et al., Federal Practice and Procedure* § 2873, (2d ed. 1995), the law in this circuit is clear. A motion for relief from a judgment or order filed after a notice of appeal from the same order has been taken may be considered on its merits and *denied*, but not *granted*, by the trial court. *Brode v. Cohn*, 966 F.2d 1237, 1240 (8th Cir. 1992) (citing *Winter v. Cerro Gordo county Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991). The trial court may also indicate its willingness to grant such an order and instruct the parties to seek an order staying further proceedings on appeal and remanding the case to the trial court for a ruling on the motion.

*Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069, 1073 (8th Cir. 1991)." (emphasis contained in original)

[2] Many circuits have begun to use Federal Rule of Civil Procedure 62.1 in these instances. The rule was instituted in 2009 to deal with "indicative rulings", or suggestions for remand, on trial-court motions for relief that are filed when an appeal is pending. *See, e.g., Perry v. Schwarzenegger,* 790 F.Supp.2d 1119 (N.D.Cal.2011), *aff'd sub nom Perry v. Brown,* 671 F.3d 1052 (9th Cir.2012), *cert, granted sub nom Hollingsworth v. Perry,* 133 S.Ct. 786 (2012); *see also*, *Dobyns v. United States*, 2014 WL 7934306, No. 08-700C (Fed. Cl. Dec. 1, 2014).

pleading, the Court must take plaintiff at his word. Moreover, plaintiff alleges that he is currently under "imminent danger of serious physical injury" which is a noted exception to a § 1915(g) dismissal. Namely, he claims that part of the "syncope" disorder he suffers from is the result of blood clots which have been left untreated by doctors at Moberly Corrections Center. He claims that this is the basis of his deliberate indifferent claim under the Eighth Amendment. Given the aforementioned, the Court finds that plaintiff's requested relief from judgment would be appropriate under Federal Rule of Civil Procedure 60(b)(6).

The Court believes that plaintiff's arguments in his motion for reconsideration may be meritorious. Thus, although this Court is procedurally bound to deny the motion for reconsideration at this time, the Court suggests that plaintiff follow the procedure in the Eighth Circuit and petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that although the Court believes that plaintiff's arguments in his motion may be worthy of reconsideration and may be meritorious, it is bound by Eighth Circuit case law to deny the motion for reconsideration at this time. Plaintiff's motion for reconsideration [Doc. #13-2] is **DENIED** without prejudice with leave to refile.

**IT IS FURTHER ORDERED** that in light of the aforementioned, plaintiff shall file a motion with the Eighth Circuit Court of Appeals seeking to immediately remand this matter to the District Court.

Dated this 3rd day of November, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE