UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:15CV32 JMB |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's post-dismissal, post-appellate order to amend his complaint. Also before the Court is plaintiff's motion to reopen this action and/or to correct clerical mistakes. Plaintiff's motions will be denied.

## Background

Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983 on May 7, 2015. Although plaintiff's complaint was difficult to decipher, plaintiff's complaint contained a myriad of claims against many different defendants, including: false arrest, false imprisonment, slander, unlawful conviction, malicious prosecution, deliberate indifference to his medical needs (relating to fainting), various due process violations, failure to protect and numerous claims challenging his conviction which were not cognizable in a § 1983 action. Because it appeared that plaintiff had filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim, the Court dismissed the action pursuant to 28 U.S.C. § 1915(g).[1]

---

[1]*Smith-EL v. Bowersox*, 03-3457-CV-S-RED-P (W.D. Mo. 2004); *Smith v. Lhotka*, 4:97CV1940 (E.D.Mo. 1997). The Court, in its dismissal order, also used the case of *Smith v. Bauersaches*, 3:05CV916 JPG (S.D. IL 2006).

Plaintiff filed a notice of appeal of the dismissal; however, plaintiff then moved to reconsider the dismissal, asserting that one of the strikes cited by the Court was not the "Jonathan Smith" who was the plaintiff in this action.[2] After going back and forth relating to certain pleading issues with the Eighth Circuit Court of Appeals, this Court eventually denied plaintiff's motion for reconsideration, without prejudice, and told plaintiff to file a motion with the Eighth Circuit to remand the matter to the District Court if he believed that this Court had erroneously assessed him a strike. When plaintiff failed to follow this Court's order, the Eighth Circuit Court of Appeals assessed plaintiff a strike, pursuant to 1915(g) in the Court of Appeals. *See Smith v. State of Missouri*, No. 15-2388 (8th Cir. December 29, 2015).

## Discussion

In his motion to amend his complaint, plaintiff has filed a fifty (50) page memorandum with attachments and an eight (8) page supplement; however, he has not filed a proposed amended complaint. In his memorandum, he states that he wants to bring a complaint against all "named defendants throughout the Eastern District Court." He states that: (1) he believes his prior case should be reopened; (2) the Eighth Circuit should not have given him a strike on appeal; (3) he has a syncope disorder which means he faints at certain times and (4) he believes he should be able to bring a false imprisonment claim relating to his underlying state criminal case/charges.

Plaintiff has also filed a sixteen (16) page motion to reopen the present case and/or to correct clerical errors, in which he asserts that he should be entitled to Rule 60 relief because this Court gave him a "strike" when he wasn't entitled to one. In other words, he believes his case

---

[2]Plaintiff argued that *Smith v. Bauersaches*, 3:05CV916 JPG (S.D. IL 2006) could not be counted as a strike in this case, as he was not the "Jonathan Smith" that was the plaintiff in that action.

should not have been dismissed, and he believes that the Eighth Circuit should not have also dismissed his case and assessed him a strike.

Although plaintiff asserts that should not have been entitled to a strike pursuant to 28 U.S.C. § 1915(g) when this matter was first dismissed, he seems to have forgotten that he was assessed a strike when the Court of Appeals dismissed his appeal on December 29, 2015. Therefore, regardless of whether he believed he had three strikes prior to appealing his case to the Eighth Circuit, he now has three strikes (as assessed by the Eighth Circuit) and cannot sustain a case in this Court without paying the filing fee. As such, his motion for relief from judgment will be denied.

Plaintiff's motion to amend his complaint will also be denied. To obtain leave to file an amended complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985); *see Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend."). Plaintiff has not provided the Court with an amended complaint. As such, plaintiff's motion to amend will be denied.

As plaintiff is barred from proceeding in forma pauperis in this case, and the case was filed more than a year ago, he must file a new action if he wishes to proceed against defendants. Plaintiff will be required to pay the full filing fee or show that he is under imminent danger at the time of filing if he wishes to proceed in forma pauperis in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this case and/or to correct clerical mistakes [Doc. #32] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #29] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

Dated this 29th day of August, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE